IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD M. STORM,** | : | Civil No. 3:12-CV-678 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Caputo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LEHIGHTON STATE POLICE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

On April 11, 2012, the Plaintiff, Todd Storm, acting *pro se*, filed this federal civil rights action from the confines of the Monroe County Prison, where he is being held pending trial on arson charges in the case of Commonwealth v. Storm, No. 1442-CR-2011. (Doc. 1) Storm's *pro se* complaint, which he amended on April 16, 2012, (Doc. 4), directly arises out of this pending state arson case, and identifies the "Lehighton State Police" as the sole named Defendant in this action. (Id.) After identifying the state police as the sole civil rights Defendant in the caption of this case, Storm's pleadings contains a remarkable recital.

According to Mr. Storm, on May 15, 2011, two state troopers responded to his home in Saylorsburg, Pennsylvania, after receiving a telephone call from a concerned

neighbor. (Id.) At the residence they found the Plaintiff, who had fallen ten feet off of a neighbor's deck, breaking his nose and aggravating a long-standing head injury. (Id.) The Plaintiff recites that, at the time of this law enforcement encounter he was not compliant with his medication and was in a psychotic state. (Id.) Indeed, according to the Plaintiff when police arrived he "was bloody and ranting and raving, after having stabbed [a] dog food container several times with a knife." (Id.) According to Storm's complaint, the Plaintiff was also making statements which may be admissions in his pending state arson trial. (Id.) Specifically, Storm's complaint alleges that the Plaintiff warned police that he intended to set fire to the trailer in which he, and his family, resided. (Id.) Despite making these threats, Storm complains that the state police did not immediately arrest him. (Id.) Instead, they permitted him to remain in his home while warning him that any attempted arson by him in the future could lead to his arrest. (Id.)

Storm's civil complaint then alleges that, shortly after the state police left his home after admonishing him not to carry out his arson threat "[t]he plaintiff, Todd M. Storm, woke up in a burning bed room." (Id.) Police and fire officials responded, taking Storm into custody and battling the blaze, but not before Storm's home and belongings were destroyed, and his pet dog was killed. (Id.) Alleging that the police

violated his constitutional rights by failing to arrest him before he could carry out this arson threat, Storm now seeks $200,000 in damages. (Id.)

Along with this *pro se* complaint, Storm has filed a motion for leave to proceed *in forma pauperis*. (Doc. 6) While we will grant the motion to proceed *in forma pauperis*, (Doc. 6), as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that, in its current form, the complaint fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, we are obliged to review prisoners' complaints pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

5

actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

6

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this court.

> A. **The Eleventh Amendment to the United States Constitution Bars This Lawsuit Against the State Police, a State Agency, and The Sole Defendant Identified in the Caption of This Case**

In this case, dismissal of this complaint is warranted because Storm's complaint fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. At the outset, we note that, this *pro se* complaint runs afoul of basic constitutional and statutory rules limiting lawsuits against state agencies and officials.

First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and

8

therefore also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Pennsylvania State Police, and the Commonwealth clearly has not waived its immunity. Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). This, while Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, See 42 Pa.C.S.A. §8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. §8521(b).

The constitutional protections afforded to the states under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's criminal justice system like the Pennsylvania State Police. Therefore,

9

the "Eleventh Amendment bars claims for damages against the P[ennsylvania] S[tate] P[olice], a state agency that did not waive its sovereign immunity. See 71 P.S. §§ 61, 732–102; Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir.2009)." Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011). Moreover as a matter of statutory interpretation, the plaintiff cannot bring a damages action against this state agency or state officials in their official capacity since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983, the principal federal civil rights statute. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).

In sum, Storm's federal civil rights claims for damages against the State Police–the sole named defendant in the caption of this case–are barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. §1983. Therefore, since the state police as an agency of state government cannot be sued in this fashion in federal court, the State Police should be dismissed as a Defendant from this action.[1]

---

[1] While the Lehighton State Police is the only Defendant named in the caption of the case, we recognize that some of the factual recitals in the complaint suggest that Storm may also be seeking to hold an individual police officer personally liable in this case. We do not opine on whether Storm may maintain such a claim on the facts of this case. If Storm's goal is to file a lawsuit against an individual police officer, then–as we note below–it is recommended that he should be given an opportunity to file an amended complaint that clearly identifies proper defendants in both the body and the caption of the case.

### B. Storm's Claim for $200,000 in Unliquidated Damages Should Be Stricken

Further, we note one other, basic flaw in this pleading which should be corrected. This Court should also strike the claim for a specific sum of unliquidated damages, $200,000, from this *pro se* complaint. In this regard, Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984). In this case, Storm's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, that specific dollar claim should be stricken from

the complaint without prejudice to the Plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

    **C.**     **<u>Storm's Complaint Should Be Dismissed Without Prejudice</u>**

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Storm has not alleged facts that would state a claim upon which relief may be granted with respect to the state police, the sole Defendant named in the caption of the case. Nonetheless, out of an abundance of caution, and in order to preserve the Plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Storm attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-Defendants that meet the requirements of federal law.[2]

---

    [2]In the event that Storm files an amended complaint, the Court may wish to consider staying further proceedings on this matter, since Storm's statements in this complaint may, to some degree, incriminate him in the related state criminal arson case. In this regard: "A court has discretion to stay a case if the interests of justice require it. <u>United States v. Kordel</u>, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in

12

## III. **Recommendation**

Accordingly, for the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED, (Doc. 6), and IT IS RECOMMENDED that the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by Storm to timely allege facts in an amended complaint which might state a claim upon which relief may be granted, provided the Plaintiff acts promptly by filing an amended complaint within 20 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

---

certain circumstances. Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc*.,* 886 F.Supp. 1134, 1138 (S.D.N.Y.1995). A stay of a civil case is an 'extraordinary remedy.' Weil v. Markowitz*,* 829 F.2d 166, 174 n. 17 (D.C.Cir.1987). The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. Transworld*,* 886 F.Supp. at 1139." Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998).

Here, a number of these factors may weigh heavily in favor of a stay, should Storm file an amended complaint. First, the overlap between the civil and criminal cases is substantial. Second, the criminal case is further advanced in the court system, having been filed and pending against Storm since May 2011. Third, a stay of the civil case would not significantly prejudice Storm, but would allow Storm to avoid further admissions which may be used against him in any criminal prosecution.

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of April 2012.

> *S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge