# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD M. STORM, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-678 |
| v. | (JUDGE CAPUTO) |
| LEHIGHTON STATE POLICE, et al., | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson.  Magistrate Judge Carlson recommended that the instant Amended Complaint be dismissed for failure to state a cognizable claim.  Because I find that the Amended Complaint's claim for *failure* to arrest is not sufficient for a violation of substantive due process, I will adopt Magistrate Judge Carlson's Report and Recommendation insofar as it recommends dismissing this action.

## BACKGROUND

Plaintiff Todd M. Storm's Amended Complaint (Doc. 4) alleges the following.  On May 15, 2011, Storm fell off his neighbor's deck in the Birchwood Park Trailer Park in Saylorsburg, Pennsylvania.  This fall broke his nose and aggravated an existing head injury.  At the time of this fall, Storm had been without his daily prescribed antidepressant medication for a period of two weeks.  These factors culminated in Storm entering into a "psychotic episode."

The police were called and State Trooper Borger and his partner responded to find Storm "bloody and ranting and raving, after having stabbed the dog food container several

times with a knife." (*Id.* at ¶ (A)(5).) Storm informed the police that he planned to burn down his trailer home, to which they responded "You better not or we will arrest you" before driving away. (*Id.* at ¶ (B)(2).) Storm alleges that he later awoke in a burning trailer, suggesting that he did in fact set fire to his own home.

Storm contends that the Troopers' failure to arrest him violated his Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution[1] and that the "Officers were diliberetly indifferent to [his] psycological and medical needs, and the safety of [his] Neighbors, wife, and [self]." (Am. Compl. at ¶ (B)(1) (errors in original).) On April 19, 2012, Magistrate Judge Martin C. Carlson issued a Report and Recommendation which determined, in pertinent part, that Storm had failed to set out a "cognizable violation of some right guaranteed by the Constitution or laws of the United States." (Doc. 7 at 8.) Specifically, Magistrate Judge Carlson interpreted Storm's Amended Complaint as made solely against the Pennsylvania State Police and determined that it was barred by the doctrine of sovereign immunity. As such, Magistrate Judge Carlson recommended that it be dismissed without prejudice and that Storm have twenty (20) days to file a further amended complaint. Storm objected to the Report and Recommendation on April 30, 2012. This issue is now ripe for the Court's review.

---

[1] Since the allegations of the Amended Complaint are limited to state actors, the Court will disregard Plaintiff's due process claim to the extent it is predicated on the Fifth Amendment and will analyze it solely under the Fourteenth Amendment's Due Process Clause. *See B & G Const. Co., Inc. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (noting that, in regard to due process, the "Fourteenth Amendment applies only to acts under color of state law whereas the Fifth Amendment applies to actions of the federal government."). Storm also claims that the officers killed his pet beagle with a Taser, but there are no claims predicated on this allegation. (Am. Compl. at ¶ (B)(3).) Finally, while Storm appears to have inserted a claim for damages based on false imprisonment and cruel and unusual punishment, these claims find no support in the allegations of the Amended Complaint and will be summarily dismissed.

**DISCUSSION**

**I. Legal Standard**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).  As such, the Court reviews the portions of the Report and Recommendation to which the Petitioner objects *de novo*.  The remainder of the Report and Recommendation is reviewed for clear error.

**II. Analysis**

Construing Plaintiff Todd M. Storm's *pro se* Amended Complaint in the most favorable light possible, I find that he has plead a claim against State Police Officer Borger in his personal capacity and I will decline to adopt the Report and Recommendation insofar as it

determined that the Amended Complaint was made solely against the Pennsylvania State Police and was therefore barred by the doctrine of sovereign immunity. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). In particular, I note that the caption of the Amended Complaint lists as Defendants the "Lehighton State Police *et al.*" and the Amended Complaint specifically states that State Trooper Borger was deliberately indifferent to Storm's needs in violation of substantive due process.

However, I agree with Magistrate Judge Carlson's conclusion that the Amended Complaint failed "to meet the substantive standards required by law, in that it does not set forth a 'short and plain' statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States." (Report and Recommendation at 8, Doc. 7.) In particular, I find no basis in law for Storm's argument that his non-arrest was a violation of substantive due process under the Fourteenth Amendment.

"A state actor generally owes no duty to protect an individual against violence from a third person." *Bright v. Westmoreland County*, 380 F.3d 729, 736 (3d Cir. 2004). Therefore, while the Due Process Clause forbids states from depriving "any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, it imposes no converse obligation that the government aid or protect its citizens. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 255 (3d Cir.2007) (citing *DeShaney v. Winnebago County Dep't. of Soc. Servs.*, 489 U.S. 189, 196 (1989)). It is well established that the protections afforded by the Amendment "cannot fairly be extended to impose an affirmative obligation

4

on the State to ensure that those interests do not come to harm through other means," specifically the actions of private parties. *DeShaney*, 489 U.S. at 195.

However, while a state "does not become the permanent guarantor of an individual's safety by having once offered him shelter," *DeShaney*, 489 U.S. at 189, the state may violate the constitution where its actions are "affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to injury from another source than he or she would have been in the absence of state intervention.'" *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir.2006) (citing *Schieber v. City of Phila.*, 320 F.3d 409, 416 (3d Cir.2003)). This is referred to as the state-created danger doctrine, which provides that while a state has no constitutional obligation to assist its citizens, it can be liable for its "affirmative acts which work to plaintiffs' detriments in terms of exposure to danger." *D.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1374 (3d Cir.1992). This "places an affirmative duty on an official to protect and care for an individual when the official has placed the individual in a dangerous position that he would not have otherwise faced." *Wyatt v. Krzysiak*, 82 F. Supp. 2d 250, 255 (D. Del. 1999) (citation omitted).

In the Third Circuit, in order to make out a claim under the state-created danger doctrine, a plaintiff must demonstrate that:

(1) "the harm ultimately caused was foreseeable and fairly direct;"

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and

(4) a state actor affirmatively used his or her authority in a way that created a

>danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright*, 443 F.3d at 281 (citations omitted).

In particular, an officer's failure to arrest cannot substantiate a claim under the state-created danger doctrine. *Walter v. Pike County, Pa.*, 544 F.3d 182, 195 (3d Cir. 2008); *Bilbili v. Klein*, 249 F. App'x 284, 288 (3d Cir. 2007) (finding that failure to arrest a drunk driver was not a state created danger as it did nothing to increase the danger to the public); *Wyatt v. Krzysiak*, 82 F. Supp. 2d 250, 259-60 (D. Del. 1999) (same).  This case is no exception as it is not possible for Storm to meet the fourth element set out above as the current pleadings specifically indicate that this claim is premised on failing to *prevent* a harm, not that State Trooper Borger did anything to render Storm any more vulnerable that he would have been otherwise.  In fact, it is alleged that Borger instructed Storm not to commit the crime and warned him that he would be subject to arrest if he did.  Storm raises no arguments to defeat this analysis, but only reiterates his position that "Officer Borger should have known as any reasonable person would have known that I was a danger to [himself] and others." (Objection at ¶ 6, Doc. 11.)  This is not enough under the law to impose liability on an officer, and without specific allegations that the State Troopers undertook affirmatives actions to leave the Plaintiff worse off than they found him, there can be no claim for substantive due process.

Therefore, since the Court finds no basis in law for this Amended Complaint, Magistrate Judge Carlson's Report and Recommendation will be adopted and the case will be dismissed.

**CONCLUSION**

Because Plaintiff Storm does not plead that State Trooper Borger left him in any worse condition through his intervention, there can be no claim for state-created danger and therefore no claim for a violation of substantive due process.  Further, contrary to Magistrate Judge Carlson's recommendation, I find that amendment on this due process claim would be futile since the allegations make clear that the state troopers did nothing, and such inaction is cannot be the predicate for a due process claim as a matter of law.  As such, I will dismiss this action with prejudice and will mark the case as closed.  An appropriate order follows.


| | |
|---|---|
| July 12, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |